## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,<br>　　　Plaintiff, | : : : : : | |
| v. | : : | Misc. Case No.<br>　1:26-mc-15 |
| ASPIRING MEDIA SOLUTIONS | : : | |
| 　　Non-Party Subpoena Recipient. | : | |
| DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,<br>　　　Plaintiff | : : : : | Underlying Action Pending in the U.S. Western District of Pennsylvania |
| v. | : : : | Case No. 25-cv-1774 |
| WAJDA LAW GROUP, APC | : : | |
| 　　Defendant. | : : | |

### PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH
### RULE 30(b)(6) SUBPOENA OBLIGATIONS AND FOR ATTORNEY'S FEES

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), 37(a)(1), 37(a)(3)(B)(ii), and 30(b)(6), Plaintiff Daniel Patterson ("Plaintiff"), by and through his counsel, Andrew Perrong, Esq., moves this Court for an order compelling non-party Aspiring Media Solutions ("Aspiring") to fulfill its mandatory obligations under Fed. R. Civ. P. 30(b)(6), specifically, to confer in good faith regarding the matters for examination identified in the subpoena served upon it (including based upon a recent Rule 16 Conference in the underlying litigation), and to designate one or more witnesses to testify on its behalf. Plaintiff further requests an award of attorney's fees and costs incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5).

1

## BACKGROUND

This miscellaneous proceeding arises in connection with *Patterson v. Wajda Law Group, APC*, Civil Action No. 2:25-cv-01774, pending in the United States District Court for the Western District of Pennsylvania (the "Underlying Action"). The Underlying Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from telemarketing calls and artificial or prerecorded voice messages placed to Plaintiff's telephone number. Plaintiff believes that Defendant Wajda Law Group, APC, who also has a relationship with another company called Recovery Law Group, who operates out of the same address as Aspiring, used one or more third-party marketing vendors, including Aspiring, to obtain telephone information used place the calls at issue.

Aspiring Media Solutions is a marketing firm with offices at 309 W. 11th Street, Anderson, Indiana 46016. It shares that address with Recovery Law Group. Critically, Bryan Harris, an individual associated with Aspiring, whose email address *bharris@aspiringmediasolutions.com*, as it appears in Aspiring's own LinkedIn profile attached herein as Exhibit C, is expressly identified in Defendant Wajda's Rule 26(a)(1) initial disclosures through email correspondences relevant to the claims at issue. Aspiring and its principal, Mr. Harris, is thus not a stranger to this litigation.

On February 23, 2026, Plaintiff caused a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") to be personally served upon Aspiring at its Anderson, Indiana offices. Exhibit A, Exhibit B. Process server Erin Bradberry personally delivered the Subpoena, together with a witness fee check in the amount of $69.00, to Tia Shatswell, Aspiring's receptionist, who accepted service on Aspiring's behalf. The deposition was noticed at a location in Muncie, Indiana, within 100 miles of Aspiring's Anderson, Indiana offices and within this District, in

compliance with Fed. R. Civ. P. 45(c)(1)(A). Consistent with Rule 30(b)(6) and the standard AO Form 88A, the Subpoena expressly advised Aspiring of its duty to confer in good faith with Plaintiff's counsel regarding the matters for examination, and to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf.

In the intervening period, on March 10, 2026, the parties in the underlying litigation conducted a Rule 16 conference in which the issue of Aspiring's deposition was raised. During this conference, Plaintiff clarified that he intended to proceed with the March 23 deposition but agreed to limit the topics only to those questions relating to the relationship between Aspiring, Wajda, and Recovery, as well as any information Aspiring had about who placed the calls to the named Plaintiff and where those calling records were obtained from.

Despite proper service nearly four weeks before the filing of this motion, Aspiring has failed entirely to fulfill its mandatory Rule 30(b)(6) obligations to meet and confer and designate the individuals whom it intends to present to testify on its behalf regarding the topics identified in the notice, as further clarified by the Court in the underlying litigation on March 10, 2026. Aspiring has neither conferred with Plaintiff's counsel in good faith nor designated any witness. Plaintiff's counsel made the following documented, good faith attempts to do so:

- **First Call, March 17, 2026.** Plaintiff's counsel called Aspiring at its published telephone number, 317-458-2908, and reached Bryan Harris. After counsel identified himself and the nature of the call, Mr. Harris asked for clarification if Plaintiff's counsel represented the Plaintiff, the individual who was suing Wajda Law Group. When Plaintiff's counsel responded in the affirmative, the line disconnected.

- **Second Call, March 17, 2026.** Counsel immediately called back. Mr. Harris answered again. Counsel explained that the Subpoena required an in-person deposition. Mr.

Harris offered to "respond in writing," which counsel advised was not a substitute for the required deposition conference or attendance at the deposition. Mr. Harris then stated his attorney would contact Plaintiff's counsel. No attorney ever made contact.

- **Follow-Up Attempts, March 19, 2026.** Receiving no contact from any attorney, Plaintiff's counsel called Mr. Harris again on the morning of March 19, 2026. The call went to voicemail, and counsel left a detailed message. Counsel also sent text messages and emails to Mr. Harris at various telephone numbers and email addresses, again requesting to speak with Aspiring's counsel or Mr. Harris if he remained unrepresented and, as an additional accommodation, offering to conduct the deposition virtually. As of 4:00 p.m. Eastern on March 19, 2026, nobody from Aspiring nor anyone purporting to represent them has responded.

Because Aspiring has refused to engage in the mandatory Rule 30(b)(6) conference and designate, despite proper service and repeated good-faith attempts at conferral, and faced with the prospect that Plaintiff's counsel will be forced to travel from Pennsylvania to Indiana on Monday to conduct a deposition at which nobody is likely to appear, Plaintiff has been forced to continue the deposition at present and now seeks this Court's intervention to compel the designation of a 30(b)(6) witness and reschedule the deposition for an appropriate time.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(3)(B)(ii) expressly provides that a party seeking discovery may move for an order compelling compliance if "a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)." This provision directly governs here. Rule 30(b)(6) makes conferencing a prerequisite to proper designation and an integral part of the designation obligation itself. An organization that refuses to confer necessarily fails to designate in any meaningful sense, because the conference is the mechanism through which designation

topics are defined and witnesses are identified. *See Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, No. 17 C 7576, 2019 WL 3408813, at *6 (N.D. Ill. July 26, 2019). Aspiring's refusal to confer is therefore a failure to make a designation within the meaning of Rule 37(a)(3)(B)(ii), providing direct grounds for this motion. *Id.* Rule 45 confirms this Court's enforcement authority. Rule 45(g) provides that the court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

The Southern District of Indiana is the proper forum for this motion. Rule 37(a)(2) provides that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." The Subpoena commanded Aspiring to appear for deposition in Muncie, Indiana, within this District. Aspiring's offices, where service was effectuated, are in Anderson, Indiana, also within this District, and are within 100 miles of Muncie. Rule 45(d)(2)(B)(i) provides that the serving party may move "the court for the district where compliance is required for an order compelling production or inspection." Correspondingly, where a corporation fails to make a Rule 30(b)(6) designation, Rule 37(a)(3)(B)(ii) authorizes the serving party to move to compel that designation, and such a motion is properly made in the compliance court, the Southern District of Indiana.

**ARGUMENT**

1. **Aspiring has failed to confer as required under Rule 30(b)(6) and it must be compelled to do so.**

The 2020 amendments to Rule 30(b)(6) made designation and conferencing a mandatory prerequisite to deposition compliance. The Rule provides that "before or *promptly after* the notice or subpoena is served, the serving party and the organization *must* confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added). The Rule further

requires that "[a] subpoena must advise a nonparty organization of its duty to confer with the serving party." *Id*. The Subpoena here complied with this requirement.

The conference obligation is not a courtesy. The rule's text is mandatory. It does not say the organization may confer if it wishes. It says the organization "must" confer. Nor is the duty limited to a later point in time, as it arises "[b]efore or promptly after" service. And that duty is paired with a second mandatory duty: the organization "must designate" one or more persons to testify on its behalf. As the Advisory Committee Notes explain, these duties exist to allow the parties to identify and discuss examination topics, clarify ambiguous requests, and work out disputes before the deposition so that the organization's subsequent witness designations are meaningful and the deposition proceeds efficiently. Aspiring ignored both duties. It never conferred in good faith about the matters for examination. It never designated anyone. It never proposed a limitation, narrowing, clarification, or modification of any topic. It never raised any burden objection. It never sought a protective order. It simply refused to engage. These actions constitute noncompliance with both the Rules and the subpoena itself, even absent what is likely to be an apparent failure to appear.

Indeed, such a meet and confer and designation is all the more necessary here given the procedural posture of the litigation here, with Plaintiff's counsel having agreed to narrow the scope of the deposition topics after the parties' Rule 16 conference. An organization cannot satisfy its designation obligation by stonewalling the conference required to facilitate that designation and by leaving the noticing party in doubt of whether or not it will even appear at all. Because Rule 37(a)(3)(B)(ii) specifically authorizes a motion when an entity "fails to make a designation under Rule 30(b)(6)," Plaintiff need not stage a pointless trip to Indiana and wait for a ceremonial no-show before seeking relief. The present failure to confer and designate is itself

the failure that warrants judicial intervention. Aspiring has made clear through its conduct that no conference, and no deposition will occur absent juridical intervention. The matter is therefore ripe for judicial enforcement.

**2. Plaintiff, the noticing party, has adequately discharged his meet and confer obligations under the local and federal rules.**

Rule 37(a)(1) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1 imposes a similar requirement. Plaintiff's counsel has satisfied this requirement under both rules. Over the course of three days, counsel made two direct telephone calls to Aspiring's principal Bryan Harris, left a voicemail, sent text message calls, and sent emails, each time seeking to engage Aspiring in the required Rule 30(b)(6) conference and even offering the additional accommodation of a virtual deposition format. That is more than sufficient to show a good faith attempt to resolve the dispute without court intervention.

Indiana federal courts have held that the certification requirement is satisfied when a movant makes documented attempts to confer that are met with refusal. In *Yessenow v. Hudson*, 270 F.R.D. 422, 425 (N.D. Ind. 2010), the Northern District found that a party fulfilled its meet and confer obligations through a series of letters, a telephone conference, and emails, even without a formal "meet and confer," in circumstances where opposing counsel refused to engage. The court held that the movant's "email exchange between counsel clearly demonstrates that [the movant] attempted to [meet and confer], but counsel for [the opposing party] refused," and further held that such a refusal could not be used to oppose relief on an alleged failure to confer. *Id.* at 429. The Seventh Circuit is in accord. A party satisfies meet and confer requirements when the opposing party's "obstreperous conduct" and "improper gamesmanship" makes further

conferencing futile. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 858 (7th Cir. 2016). This Court has likewise held that courts require "true back-and-forth dialogue," but recognize such dialogue cannot occur when one party refuses to participate or respond. *BioConvergence LLC v. Attariwala*, No. 1:20-cv-01127, 2023 WL 1859434 at *2-*3 (S.D. Ind. Feb. 8, 2023).

Mr. Harris's conduct, including of having the call disconnect upon learning who counsel represented, offering written correspondence as a substitute for a required in-person deposition, promising attorney contact that never materialized, and then going silent across multiple follow-up channels, is the paradigmatic refusal that Indiana and Seventh Circuit courts recognize as satisfying the movant's certification burden. Plaintiff cannot do more when Aspiring will not engage. What's more, as a direct result of this conduct, Plaintiff has been forced to continue the deposition to another date certain and notify opposing counsel and Aspiring of the same, when it is unclear as to whether anyone representing Aspiring will even show up on March 23, as noticed, particularly given the wholesale refusal to meet and confer here. Without the required conference, and without any designation of a corporate representative, Plaintiff's counsel, located in Pennsylvania, cannot reasonably be expected to incur the expense of travel and a court reporter for a deposition Aspiring has given every indication it intends obstruct or render futile. Plaintiff has therefore continued the deposition pending the instant court intervention.

3. **Aspiring's noncompliance was not substantially justified, warranting mandatory fee shifting.**

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's noncompliance was "substantially justified" or other circumstances make an award unjust. No such justification exists here.

In *Yessenow*, Court awarded attorney's fees under similar circumstances, finding that the opposing party's "refusal to meet and confer, thereby forcing [the movant] to file the motion to compel, delayed the litigation" and constituted bad faith. 270 F.R.D. at 429-30. Aspiring's conduct here is worse. It has not merely declined to schedule a conference, it has (apparently) hung up on counsel once, deflected through an attorney who never appeared, and gone silent across multiple channels. A party engaging in bad faith discovery conduct cannot use its own obstructive behavior to claim the opposing party failed to meet procedural prerequisites or as a basis for attempting to evade fee shifting; to the contrary, the conduct itself is evidence of bad faith. *See Houston*, 820 F.3d at 855, 858-59. An award of fees and costs is therefore appropriate.

Were there any doubt that Aspiring's conduct was not substantially justified, the procedural history here makes clear that Aspiring's conduct does not appear to stem from confusion about the nature of the subpoena. Harris spoke directly with Plaintiff's counsel. He was told this was a deposition subpoena that required a personal appearance on the 23rd, together with a correspondingly appropriate designation. He stated that Aspiring's attorney would contact counsel. No one did. Plaintiff then followed up again by phone, text, and email, including an offer to proceed virtually. Again, no one responded. On this record, Aspiring's noncompliance is deliberate enough, and certainly unjustified enough, to warrant an order compelling immediate compliance and for mandatory fee shifting.

## **CONCLUSION**

Plaintiff respectfully requests that, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii), this Court compel Aspiring to meet and confer in good faith with Plaintiff's counsel to designate a witness(es) under Rule 30(b)(6), then reschedule the deposition following that meet and confer conference. Plaintiff further requests that this Court award fee shifting, in the form of his

9

reasonable attorney's fees and costs incurred in connection with this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A), as Aspiring's position is not substantially justified.

RESPECTFULLY SUBMITTED AND DATED this March 19, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a copy of the foregoing was served via email at privacy@aspiringmediasolutions.com, info@aspiringmediasolutions.com, bharris@aspiringmediasolutions.com, JRAJKOWSKI@wcmlaw.com, SRaszewski@wcmlaw.com, shenderson@wcmlaw.com, and RCosgrove@wcmlaw.com, and regular mail on:

Robert J. Cosgrove, Esq.
Wade Clark Mulcahy, LLP
1515 Market Street, Suite 2050
Philadelphia, PA 19102
and overnight mail on:
Aspiring Media Solutions
Attn: Bryan Harris
309 W 11th Street
Anderson, IN 46016

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
Lead Attorney for Plaintiff and the Proposed Class

10