AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No. |
| *Defendant* | ) ) ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

Pursuant to the foregoing subpoena and Rule 45 of the Federal Rules of Civil Procedure, Daniel Patterson ("Plaintiff") requests and demands that Aspiring Media Solutions, a third party, produce for deposition a witness capable of responding to the topics enumerated below.

### Definitions

1.      "Action" means the action captioned *Daniel Patterson v. Wajda Law Group, APC*, 2:25-cv-01774, currently pending in the United States District Court for the Western District of Pennsylvania.

2.      "Communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, text message, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone, text message, or voice recording.

3.      "Document" means that as defined by the Federal Rules of Civil Procedure.

4.      "Electronically stored information" means that as defined by the Federal Rules of Civil Procedure.

5.      "Wajda" refers to Wajda Law Group, APC, including its subsidiaries and branches, including Recovery Law Group.

6.      Should a specific term be undefined, and should Aspiring feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

### Relevant Time Period

The relevant time period, unless otherwise indicated, begins on November 14, 2021 and continues through the present.

### Testimony

1.     Basic corporate structure and ownership.
2.     Your Indiana address, which you appear to share with Wajda.
3.     Telephone number 724-328-2138.

4.     The telephone numbers 724-246-7760, 724-246-6670, and 877-550-0003

5.      Plaintiff Daniel Patterson.

6.      Each call Wajda delivered or attempted to deliver, by way of the Aspiring, to Plaintiff, or to telephone number 724-328-2138, including the date of each call, and what was played on the call.

7.      Information related to how Plaintiff's information, telephone number, or lead was obtained by Aspiring.

8.      Any of the Plaintiff's information or telephone number contained in Aspiring's systems or databases.

9.      Aspiring's functionality and ability to ascertain from logs, records, etc., the transmission of prerecorded calls.

10.     Aspiring's ability to transmit artificial or prerecorded voice messages, including the circumstances in which such messages are transmitted.

11.     Support tickets and correspondences related to this litigation.

12.     Records of payment between Aspiring and Wajda.

13.     Written agreements between Aspiring and Wajda, including statements of work, addenda, amendments, and any provisions addressing sending of calls, including artificial or prerecorded voice calls, or compliance with the TCPA.

14.     The contractual relationship between Aspiring and Wajda, including negotiations or revisions relating to services provided, compliance policies, Do Not Call policies, or reassigned numbers, and any requirements pertaining to the sending of calls with each.

15.     Communications and correspondences between Aspiring and Wajda concerning telephone number 724-328-2138.

16.     Communications between Aspiring and Wajda (including their attorneys or representatives) concerning this Action, including any investigation into Plaintiff's number or sending of calls using artificial or prerecorded voices.

17.     Aspiring's policies and practices for ensuring and enforcing TCPA compliance by its clients, including Wajda.

### Documents

1.      All actual and sample terms and conditions, compliance policies, training manuals, strategy documents, compliance documents, compliance training presentations, guidelines, audits, or other materials maintained by Aspiring that address compliance with the Telephone Consumer

Protection Act (TCPA), including, but not limited to, the sending of messages using a prerecorded voice that were shared with, drafted for, conducted with, and/or made available to, Wajda.

2. All agreements, contracts, statements of work, addenda, or amendments between Aspiring and Wajda, including, but not limited to, provisions addressing TCPA compliance, the Do Not Call Registry, lead generation, or the use of prerecorded voices.

3. All drafts, negotiations, or revisions of agreements between Aspiring and Wajda that include discussion of TCPA compliance, opt-out procedures, the Do Not Call Registry, lead generation, or the use of prerecorded voices.

4. All communications between Aspiring and Wajda concerning telephone number 724-328-2138.

5. All communications between Aspiring and Wajda concerning the sending of calls using an artificial or prerecorded voice.

6. Documents sufficient to ascertain whether Aspiring or Wajda sent calls using an artificial or prerecorded voice, including the calls described in the Complaint, including any such messages played.

7. All records, logs, spreadsheets, or database extracts reflecting whether telephone number 724-328-2138 was ever flagged by Aspiring's systems as on the Do Not Call Registry, or cellular.

8. All audits, compliance reviews, support tickets, support requests, or internal investigations relating to Wajda's use of Aspiring's services or lead information to send calls using artificial or prerecorded voices.

9. Documents sufficient to show how Aspiring enforces TCPA compliance in its relationships with clients, including Wajda.

10. Communications between Aspiring or its attorneys or its representatives, and Wajda or its attorneys or its representatives, that relate to the Action.

11. Your internal do not call policy.

12. All documents referencing Plaintiff or the telephone number 724-328-2138.

13. All documents and ESI reflecting any outbound telemarketing call (including attempted calls) made by You that could have generated a lead for the Defendant during the Relevant Time Period, including:
   o The called number, date, time, caller ID, disposition, and call result.

   o Any records showing whether the call was recorded, prerecorded, or scripted.

   o Identification of the campaign or project under which the call was made.

14. All documents, call scripts, recorded messages, training guides, or templates used in connection with the calls described in Request No. 1.

15. All documents evidencing consumer consent to receive telemarketing calls or texts, including:

    a. Signed writings, electronic signatures, E-SIGN records;

    b. Server logs, IP addresses, and date/time stamps;

    c. Web forms, screenshots, or referring URLs; and

    d. Any other record relied on to claim that calls were made with consent.

16. All documents identifying any third parties, sub-vendors, or lead providers who provided You with consumer phone numbers or transferred leads to Defendant.

17. All compliance manuals, training materials, or policies concerning TCPA, do-not-call, or telemarketing law provided to Your employees, contractors, or sub-vendors.

18. All contracts, statements of work, insertion orders, or service agreements between You and Defendant, or between You and any sub-vendors who provided leads or made calls for Defendant.

19. All communications (including emails, chat logs, and text messages) between You and Defendant relating to telemarketing campaigns, call volume, lead quality, consumer complaints, or compliance with telemarketing laws.

20. All documents relating to any consumer complaints, do-not-call requests, or internal notes reflecting attempts to suppress or flag consumer phone numbers.

21. All internal reports, spreadsheets, or databases reflecting the number of calls made, the number of leads transferred, and any performance metrics for Defendant's marketing campaigns.

22. All documents relating to audits, investigations, compliance checks, or disciplinary actions taken against any employee, contractor, or sub-vendor for making allegedly unlawful calls.

23. All communications with any third party concerning this litigation, other than Your attorneys.

24. All lease agreements, contracts, or other documents concerning your Indiana mailing address and the sharing of that address with Wajda.

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).