IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,<br>Plaintiff, | : <br> : <br> : <br> : | |
| v. | : <br> : | Misc. Case No.<br>Case 1:26-mc-00015-TWP-TAB |
| ASPIRING MEDIA SOLUTIONS | : <br> : | |
| Non-Party Subpoena Recipient. | : | |
| DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,<br>Plaintiff | : <br> : <br> : <br> : | Underlying Action Pending in the U.S.<br>Western District of Pennsylvania |
| v. | : <br> : | |
| WAJDA LAW GROUP, APC | : <br> : | Case No. 25-cv-1774 |
| Defendant. | : | |

**Non-Party Aspiring Media Solutions' Response to "Motion to Compel Compliance with Rule 30(b)6) Subpoena Obligations**

**Background**

First, it should be noted that the deposing party's counsel and the undersigned deponent's counsel have had productive discussions and tentatively reached agreement on the following format for the deposition at issue. But, since Local Rule 7-1 does require a response to a motion to enforce within 14 days under "other motion" practice, this response

1

denying the allegations in the Motion to Compel is hereby filed.

Second, this miscellaneous proceeding arises in connection with *Patterson v. Wajda Law Group, APC*, Civil Action No. 2:25-cv-01774, pending in the United States District Court for the Western District of Pennsylvania (the "Underlying Action"). The Underlying Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

Aspiring Media Solutions ("Aspiring") is a marketing firm with offices at 309 W. 11th Street, Anderson, Indiana 46016. It shares that address with Recovery Law Group. Bryan Harris, an individual associated with Aspiring, is the designated deponent for the above-referenced deposition, which, on information and belief, and based on conversations between Felix Rippy (counsel for Aspiring and the deponent designated)  and Andrew Roman Perrong, Esq., counsel for Plaintiff, the deposition in question is now set by agreement for 10am on April 15, 2026 (Eastern Time) via Zoom. The parties will either be using the Zoom link of Felix Rippy, which is https://ivytech.zoom.us/j/3741657296,  and which has been provided to opposing/deposing counsel, or a Zoom link or Webex link provided by opposing/deposing counsel.

### **Respondent's Request to Deny Motion to Compel as Moot**

Thus, based on the above-referenced conversations between Felix Rippy, counsel for Aspiring and designated deponent Bryan Harris, and Plaintiff's counsel, the deposition of Aspiring through Bryan Harris, deponent, is set by  agreement for the above date and time and by the above method, thus resolving the Motion to Enforce Deposition Subpoena filed March 19, 2026 by Plaintiff,  and thus Aspiring requests that the Court deny the motion as moot. An agreed notice of deposition should be filed with the Court shortly.

The parties have agreed that Respondent will appear for deposition via Zoom on April 15, 2026, at 10:00 a.m. Eastern Time using either party's provided Zoom link. Counsel will confer and provide written notice of the designated link by April 10, 2026.

The parties reasonably anticipate that this agreement fully resolves the motion, pursuant to S.D. Ind. L.R. 7-1(h).

No hearing is requested or necessary. If the Plaintiff/Movant disputes this agreement in any way, or wants to proceed, they can reply under L.R. 7-1(c)(3)(B), and if this occurs then Deponent Aspiring reserves the right to respond further. Because the time (14 days) to respond to the March 29, 2026 Motion to Compel does not run until the Thursday before Good Friday, (April 2, 2026) the request here is that the Court not enter the order attached as Ex. A denying the Motion to Compel as Moot until Monday, April 6, 2026, giving the parties time to file an agreed Notice of Deposition or a notice under L.R. 7-1(c)(3)(B) that the agreement has fallen apart. In short, Aspiring denies any failure to confer and the litany of phone calls laid out in the Motion to Compel shows this. Aspiring also denies that the originally set deposition was "forced to continue" as Aspiring indicated in writing a willingness to have shown up for the deposition, and in fact explored the proposed deponent's appearance address, which deposing party clearly wrote as "Smith Reporting-Muncie, 400 N. High Street, Suite 200, Muncie, IN 47305" and which is NOT an address for Smith Reporting and has not been for between 9 months and a year. In short, deponent was subpoenaed to a non-existent address. <u>Regardless, this response is filed simply to preserve the rights of the deponent and respondent to the motion to compel. The only request herein is for the parties to have until 11:59pm on April 6, 2025 to memorialize their agreement in writing as to this 4-15-26 10am deposition via Zoom in an agreed notice of deposition, or if</u>

3

there is any dispute whatsoever regarding the terms of this agreement then either party may

file a L.R. 7-1(c)(3)(B) response.

RESPECTFULLY SUBMITTED AND DATED this April 1, 2026.

> */s/ Felix Rippy 17519-18*
> *117 East Charles, Ste. 201*
> *Muncie, IN 47305*
> *frippy@ewelchlaw.com*
> Counsel for Aspiring and
> Bryan Harris, deponent

## CERTIFICATE OF SERVICE

I hereby certify that April 1, 2026, a copy of the foregoing was served via email at a@perronglaw.com on the Lead Attorney for Plaintiff and the Proposed Class, and on all other counsel of record at SRaszewski@wcmlaw.com, shenderson@wcmlaw.com, and RCosgrove@wcmlaw.com.

> */s/   Felix   Rippy   17519-18*
> *Texas Bar 16937400*